## In re LYKES BROS. STEAMSHIP CO., INC., Debtor.

### Bankruptcy No. 95–10453–8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 17, 1997.

Harley E. Riedel, Stichter, Riedel, Blain & Prosser, P.A., Tampa, Florida.

Jeffrey Steen, Sidley & Austin, Chicago, Illinois.

### *SECOND ORDER ON DEBTOR'S MOTION TO MODIFY CONFIRMED PLAN OF REORGANIZATION PURSUANT TO § 1127(b) AND TO MODIFY PAYMENT TERMS OF SHIPYARDS AGREEMENT*

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing on July 16, 1997, at 4:00 p.m., to consider all issues remaining under the Debtor's Motion to Modify Confirmed Plan of Reorganization Pursuant to 1127(b) and to Modify Payment Terms of Shipyards Agreement ("Motion to Modify"). At the hearing, the Debtor, the Official Committee of Unsecured Creditors, Lykes Lines Limited, LLC (the "Purchaser"), the Blue Water Entities, Mitsui Engineering & Shipbuilding Co., Ltd. ("Mitsui"), Mitsubishi Heavy Industries, Ltd. ("Mitsubishi" and together with Mitsui, the "Shipyards"), Trans-america Leasing, Inc., including its affiliate, TransOcean Container Corporation (collectively, "Transamerica"), Genstar Container Corporation ("Genstar"), the Morgan Bank Group, Pension Benefit Guaranty Corporation ("PBGC"), First American Bulk Carrier Corporation ("FABC"), District No. 1, Pacific Coast District, Marine Engineers Beneficial Association ("MEBA") and numerous other creditors and parties in interest were represented by counsel. On July 15, 1997, this Court entered an Order on Debtor's Motion to Modify Confirmed Plan of Reorganization Pursuant to § 1127(b) and to Modify Payment Terms of Shipyards Agreement dated July 15, 1997 which disposed of numerous issues related to the Motion to Modify. Among other things, the Court determined that the Modified Plan was feasible and disposed of objections filed by the MEBA Benefit Plans and South Carolina State Ports Authority ("SCSPA"). The responses or objections of the following parties were continued to the July 16, 1997 hearing:

(a) The objection and response of First American Bulk Carrier Corporation ("FABC");

(b) The objection of MEBA, as that objection was articulated in paragraph 3 of the opposition (MEBA having withdrawn its other objections at the July 14 hearing);

(c) The response of the Morgan Bank Group;

(d) The conditional acceptance of APL;

(e) Any potential objection of PBGC (the Debtor having granted to PBGC an extension of time to object); and

(f) Any potential objection of the Shipyards (the Debtor having granted an extension of time to the Shipyards to file an objection).

At the hearing, these objections were resolved as follows:

(a) Based on the entry of that certain Order on Debtor's (A) Amendment to Motion on Matters Related to the

Maritime Administration and (B) Conditional Motion to Reject FABC Charters dated July 16, 1997 (the "FABC Charters Order") the FABC objection was overruled with prejudice;

(b) MEBA withdrew its remaining objection;

(c) The Morgan Bank Group announced that subject to the condition that it be furnished with an agreed-upon certificate prior to Closing, it would accept the reduced payments set forth in the Modified Plan, thus disposing of all issues raised by its response;

(d) APL announced that APL had unconditionally accepted the Modified Plan;

(e) Counsel for PBGC announced that PBGC had satisfactorily reached agreement with all parties and that PBGC had no objection to confirmation of the Modified Plan; and

(f) The Shipyards interposed no objection at the hearing, based in part upon the execution of a letter agreement which was made of record at the hearing.

In addition, counsel for Genstar and Transamerica announced that they were prepared to make economic concessions that were equivalent to the five percent (5%) concessions of the Morgan Bank Group and the Shipyards. Finally, counsel for the Debtor announced that the three "bellwether" administrative claimants, Stichter, Riedel, Blain & Prosser, P.A., Stroock & Stroock & Lavan, and Joe B. Freeman, had agreed to economic concession of five percent (5%) of the amount that they would have received under the April 2, 1997, Plan of Reorganization on account of fees and expenses incurred prior to January 1, 1997. Based upon the agreement of these claimants, various of the other holders of allowed administrative claims are deemed to have likewise agreed to such concession, resulting in a reduction of the approximately $6.7 million aggre-

gate amount for the claimants by five percent (5%), or about $335,000. Accordingly, it is

ORDERED, ADJUDGED, AND DE-CREED that the objections of FABC and MEBA be, and the same hereby are, **OVERRULED** with prejudice. It is further

ORDERED, ADJUDGED, AND DE-CREED that APL is hereby deemed to have accepted the Modified Plan. It is further

ORDERED, ADJUDGED, AND DE-CREED that the response of the Morgan Bank Group, to the extent that it constitutes an objection, be, and the same hereby is, **OVERRULED,** subject to the furnishing of a certificate of the Morgan Bank Group prior to Closing. It is further

ORDERED, ADJUDGED, AND DE-CREED that the Motion to Modify be, and the same hereby is, **GRANTED** in all respects. The Court will enter a separate Order confirming the Modified Plan and approving the Amended and Restated Third Modification.